1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HENRY C. WILLIAMS, III,

11              Plaintiff,                    No. CIV S-11-1002 GEB EFB P

12        vs.

13   K. AMAYA, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff commenced this action

17   on January 27, 2011, in the Solano County Superior Court.  Defendants Amaya and Polasik

18   removed this action to federal court and request that the court screen plaintiff's complaint

19   pursuant to 28 U.S.C. § 1915A.[1]

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23

24        [1] Plaintiff opposes removal of this action from state court.  Dckt. No. 7. Because the
     complaint alleges that plaintiff's First Amendment rights were violated, this action was properly
25   removed under 28 U.S.C. §§ 1331 and 1441.  *See* Dckt. No. 2-1, Ex. A at 10 ("Compl.").  For
     ease of reference, all references to page numbers are to those assigned via the court's electronic
26   filing system.

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint, which alleges a retaliation claim against defendant Amaya, and state law defamation claims against Amaya and defendant Polasik. For the limited purposes of § 1915A screening, the court finds that the complaint states a cognizable First Amendment retaliation claim against defendant Amaya, but that plaintiff's state law claims must be dismissed.

////

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Defamation is a state-law cause of action rather than a claim under the federal Constitution, and a "claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

Assuming plaintiff intends to proceed with a supplemental state law tort claim against prison staff, the California Government Claims Act ("Act") requires that plaintiff who seeks to prosecute a state tort claim for damages against a state employee first present that claim to the California Victim Compensation and Government Board. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 911.4, 911.6, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004). To state a tort claim against a state employee, the plaintiff must allege compliance with the Act's presentation requirement. *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not plead compliance with the Act's claim presentation requirement.

In light of the above, plaintiff may either proceed with this action on his First Amendment retaliation claim against defendant Amaya, or he may file an amended complaint that cures the deficiencies identified in this screening order. If plaintiff elects to attempt to amend his complaint, he has 30 days to do so. However, he is not obligated to amend his complaint. Plaintiff's decision not to file an amended complaint will be construed as consent to dismissal of his state law claims, without prejudice. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations and claims against each such defendant.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby ORDERS that:

1.  The allegations in the pleading are sufficient at least to state a cognizable First Amendment retaliation claim against defendant Amaya.  *See* 28 U.S.C. § 1915A.  Defendant Amaya shall, within 30 days of the date this order is served, file a response to the complaint as herein narrowed.

2.  Should plaintiff choose to file an amended complaint, he must do so no later than 21 days after being served with defendant Amaya's response.  *See* Fed. R. Civ. P. 15(a)(1)(B).

3.  Plaintiff is not obligated to amend his complaint.  The court will construe plaintiff's decision not to file an amended complaint as consent to an order dismissing his state law claims without prejudice.

DATED:  February 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5