IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY C. WILLIAMS, III,

      Plaintiff,                           No. CIV S-11-1002 GEB EFB P

      vs.

K. AMAYA, et al.,

                                      ORDER AND
      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff commenced this action on January 27, 2011, in the Solano County Superior Court. Defendants Amaya and Polasik removed this action to federal court and requested that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. On February 22, 2012, the court found that the allegations in the complaint were sufficient to state a cognizable First Amendment retaliation claim against defendant Amaya, but granted plaintiff leave to amend. Dckt. No. 12. On March 8, 2012, plaintiff timely filed an amended complaint. *See* Dckt. No. 13 at 12-44.[1] He also moved for reconsideration of the court's February 22, 2012 screening order. *Id.* at 1-11. On March 22, 2012, Amaya filed an answer. Dckt. No. 14.

---

[1] These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1

1    Because the amended complaint supercedes the original complaint, plaintiff's motion for
2 reconsideration of the court's initial screening order is moot.  This action now proceeds on
3 plaintiff's first amended complaint.  *See* Fed. R. Civ. P. 15(a)(1).  In the amended complaint,
4 plaintiff alleges a violation of his First Amendment rights, but does not assert any other claim
5 arising out of federal law.  *See* Dckt. No. 13 at 20, ¶ 5.  Although the motion for reconsideration
6 is moot, the court notes that therein, plaintiff expressly abandons any First Amendment claim
7 and seeks to remand this action to state court.  *See id.* at 2 ("Plaintiff is not now, nor has he ever
8 been claiming a First Amendment violation of Retaliation."); *id.* at 1 ("a federal First
9 Amendment Claim of Retaliation . . . is only asserted for the purpose of evidentiary proof" and
10 the court has "ruled on a claim that the plaintiff is not making.").

11    As plaintiff has abandoned any federal claim in this action, it is within the court's
12 discretion whether to exercise supplemental jurisdiction over any remaining state law claims.
13 *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866-67 (2009); *Albingia Versicherungs*
14 *A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district
15 courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
16 the district court has dismissed all claims over which it has original jurisdiction . . . .).''  "[I]n the
17 usual case in which all federal-law claims are eliminated before trial, the balance of factors to be
18 considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and
19 comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."
20 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of
21 state law should be avoided both as a matter of comity and to promote justice between the
22 parties, by procuring for them a surer-footed reading of the applicable law." *United Mine*
23 *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  In this case, the court finds it is in the
24 interests of judicial economy, convenience, fairness, and comity, to remand any remaining state
25 law claims.  *See* 28 U.S.C. § 1447(c).
26 ////

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 8, 2012 motion for reconsideration of the court's initial screening order is denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The court decline to exercise supplemental jurisdiction over any claims arising under state law;

2. This action be remanded to the Solano County Superior Court; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3